IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs January 7, 2003

## STATE OF TENNESSEE v. JESSE WAYNE BAKER

**Direct Appeal from the Circuit Court for Carroll County**
**No. 01CR-1668      C. Creed McGinley, Judge**

_____

**No. W2002-00692-CCA-R3-CD  - Filed February 26, 2003**

_____

The defendant, Jesse Wayne Baker, pled guilty to introduction of a controlled substance into a penal institution, a Class C felony. The trial court sentenced the defendant to four years to be served consecutively with a previous sentence. On appeal, the defendant argues that his sentence is excessive and the trial court erred in denying alternative sentencing and in imposing consecutive sentencing. Based upon our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JOE G. RILEY and JOHN EVERETT WILLIAMS, JJ., joined.

Benjamin S. Dempsey, Huntingdon, Tennessee, for the appellant, Jesse Wayne Baker.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; G. Robert Radford, District Attorney General; and Eleanor Cahill, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

Previously, the defendant had pled guilty on January 8, 2001, to possession of cocaine, possession of marijuana, possession of drug paraphernalia, and possession of explosive components. For each offense, he was sentenced to concurrent terms of eleven months and twenty-nine days, suspended after the service of sixty days, with the balance to be served on probation. The offense which is the basis for the present appeal occurred when the defendant reported to the Carroll County Jail on January 12, 2001, for service of his earlier sentence. During a strip search of the defendant, a plastic bag containing 3.4 grams of plant material identified as marijuana, a Schedule VI controlled substance, was found in his rectal area. The defendant pled guilty to introduction of a controlled substance into a penal institution and was sentenced, as a Range I, standard offender, to four years

to be served consecutively with the previous sentence. The trial court denied alternative sentencing as to this later offense:

> The presumptive minimum would be three years, and then the Court considers appropriate enhancing factors, which the first one, obviously, would be criminal behavior, convictions in addition to those necessary to establish the range. Several charges that arose out of this Court. In case 1582 that I just finished revoking his bail on as a result of this new conviction. All those matters were felony charges that were subsequently reduced to misdemeanor charges, to his ultimate benefit.

> In addition to that, the enhancing factor of, essentially, that he violated his probation by new criminal behavior would be appropriate due to the conviction in this case, as well.

> This is a matter that mitigating would be appropriate as far as not threatening serious bodily harm. However, consider[ing] the enhancing, giving them appropriate weight, considering the mitigating, it appears that an appropriate sentence would be two [sic] years.

> Presumptively, he would be eligible for alternative sentencing unless the evidence is to the contrary, which is in this case.

> He earlier was placed on probation, was unable to conform his conduct to the requirements of the law, got several convictions.

> Considering the record as a whole, the Court finds that he is not an appropriate candidate for alternative sentencing.

## ANALYSIS

### I. Sentencing

The defendant argues that his four-year sentence is excessive and that the trial court erred in sentencing him by enhancing the sentence, by not applying mitigating factors, in denying alternative sentencing, and in imposing consecutive sentencing. We will review these claims.

### A. Standard of Review

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations

made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210; State v. Scott, 735 S.W.2d 825, 829 (Tenn. Crim. App. 1987).

The party challenging the sentences imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169.

## B. Length of Sentence

The defendant pled guilty to introduction of a controlled substance into a penal institution, a Class C felony, the sentence range for which, as a Range I, standard offender, is three to six years. Tenn. Code Ann. § 40-35-112(a)(3). In determining the appropriate sentence for a felony conviction, the sentencing court, if there are enhancement factors but no mitigating factors, may set the sentence above the minimum in that range but still within the range. See Tenn. Code Ann. § 40-35-210(d) (Supp. 1999); State v. Boggs, 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996). There is no mathematical formula of evaluating the enhancement factors to calculate the appropriate sentence. See generally Boggs, 932 S.W.2d at 475. "Rather, the weight to be afforded an existing factor is left to the trial court's discretion so long as the court complies with the purposes and principles of the 1989 Sentencing Act and its findings are adequately supported by the record." Id. at 475-76 (citations omitted).

The trial court applied enhancement factors (1), (8), and (13) in enhancing the defendant's sentence to four years. See Tenn. Code Ann. § 40-35-114(1), (8), (13) (1997). The record clearly supports the trial court's application of enhancement factor (1), the defendant having four prior misdemeanor convictions which were the cause of his entering jail as he had marijuana hidden on his person. However, we conclude that enhancement factor (13) was not applicable for it requires that the subsequent offense be committed while released on bail from a prior felony conviction.

Here, the defendant committed a felony while on bail from prior misdemeanor convictions. As for factor (8), that the "defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community," we conclude that this factor was not applicable for it requires a previous failure to comply. Here, the defendant committed the newest offense while on probation, and while this is a failure to comply with conditions of probation, it is not a "previous" failure. See State v. Hayes, 899 S.W.2d 175, 186 (Tenn. Crim. App. 1995). Even though enhancement factors (8) and (13) were improperly applied, that finding does not equate to an automatic sentence reduction. State v. Keel, 882 S.W.2d 410, 423 (Tenn. Crim. App. 1994).

The only mitigating factor that the trial court applied was the defendant's criminal conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1) (1997). The other three mitigating factors advanced by the defendant at sentencing were not applicable. He did not prove that he acted under strong provocation, that he lacked substantial judgment in committing the offense due to his youth, or that he was suffering from a mental or physical condition that significantly reduced his culpability for the offense. See id. § 40-35-113(2), (6), (8).

In this matter, the trial court gave great weight to enhancement factor (1), the defendant's prior record of convictions, and little weight to mitigating factor (1). The record fully supports the determination of the trial court as to the length of the defendant's sentence.

## C. Denial of Alternative Sentencing

The defendant argues that the trial court "declined alternative sentencing without establishing a sufficient record to reflect evaluation of the required sentencing criteria." We conclude that the trial court correctly denied alternative sentencing.

An especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing in the absence of evidence to the contrary. Tenn. Code Ann. § 40-35-102(6) (1997). If an offender meets the criteria under Tennessee Code Annotated section 40-35-102(6), the trial court "must presume that he is subject to alternative sentencing." Ashby, 823 S.W.2d at 169. However, if the court is presented with "evidence sufficient to overcome the presumption, then it may sentence the defendant to confinement according to the statutory provision." Id. The presumption in favor of alternative sentencing may be overcome by facts contained in the presentence report, evidence presented by the State, the testimony of the accused or a defense witness, or any other source, provided it is made part of the record. State v. Parker, 932 S.W.2d 945, 958 (Tenn. Crim. App. 1996).

Evidence sufficient to overcome the presumption in favor of alternative sentencing includes evidence showing that "[c]onfinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct," "[c]onfinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or "[m]easures less restrictive than confinement have

frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103(1)(A)-(C) (1997); see Ashby, 823 S.W.2d at 169.

Tennessee Code Annotated section 40-35-303(a) provides that a defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed upon the defendant is eight years or less. Tenn. Code Ann. § 40-35-303(a) (1997). Even if eligible, however, the defendant is not automatically entitled to probation as a matter of law. See id. § 40-35-303(b) (1997). The burden is upon the defendant to show that he is a suitable candidate for probation. Id.; State v. Goode, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

There is no bright line rule for determining when a defendant should be granted probation. Bingham, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis. Id. Factors to be considered include the circumstances surrounding the offense, the defendant's criminal record, the defendant's social history and present condition, the need for deterrence, and the best interest of the defendant and the public. Goode, 956 S.W.2d at 527. Another appropriate factor for a trial court to consider in determining whether to grant probation is a defendant's credibility or lack thereof, as this reflects on the defendant's potential for rehabilitation. Id.

The defendant asserts that the trial court "declined alternative sentencing without establishing a sufficient record to reflect evaluation of the required sentencing criteria." We respectfully disagree. The trial court stated:

> Presumptively, he would be eligible for alternative sentencing unless the evidence is to the contrary, which it is in this case.
>
> He earlier was placed on probation, was unable to conform his conduct to the requirements of the law, got several convictions.
>
> Considering the record as a whole, the Court finds that he is not an appropriate candidate for alternative sentencing.

The trial court properly denied alternative sentencing because evidence was presented to overcome the presumption in favor of it. Were the defendant to be granted alternative sentencing, as he argues should have occurred, the trial court would have created the anomalous situation of having granted alternative sentencing earlier, after a minimal jail sentence was served, and then granting alternative sentencing again after the defendant tried to sneak marijuana into jail as he was beginning service of his first sentence. We conclude, as did the trial court, that the defendant was

an exceedingly poor candidate for alternative sentencing. Granting probation a second time would not "subserve the ends of justice." Bingham, 910 S.W.2d at 456.

### D. Consecutive Sentencing

The defendant committed the felony of introducing a controlled substance into a penal institution while he was on bond for the previous crimes of possession of cocaine, possession of marijuana, possession of drug paraphernalia, and possession of explosive components. As a result, the trial court did not err in ordering consecutive sentencing for it was mandated by statute: if "a defendant commits a felony while such defendant was released on bail in accordance with the provisions of chapter 11, part 1 of this title, and the defendant is convicted of both such offenses, the trial judge shall not have discretion as to whether the sentences shall run concurrently or cumulatively, but shall order that such sentences be served cumulatively." Tenn. Code Ann. § 40-20-111(b); see State v. Hastings, 25 S.W.3d 178, 181 (Tenn. Crim. App. 1999) (consecutive sentencing mandatory when a defendant commits a felony while on bond). Thus, the trial court was required by statute to order that the sentences be served consecutively.

### CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

_____
ALAN E. GLENN, JUDGE